Bernard Ades v. Commissioner.
Ades v. Commissioner
Docket No. 93344.
United States Tax Court
T.C. Memo 1964-152; 1964 Tax Ct. Memo LEXIS 184; 23 T.C.M. (CCH) 909; T.C.M. (RIA) 64152; June 2, 1964
*184 During the taxable years 1955, 1956, and 1957, petitioner deposited in his checking account approximately $246,300. On his returns for those years he only accounted for approximately $53,500 of gross income. Prior to the issuance of the deficiency notice, the respondent accepted petitioner's explanation of the deposits except for unidentified deposits of $107,781.32 and $3,391.32 of bond interest. These two amounts he added to petitioner's taxable income and determined the deficiencies herein. Thereafter, by stipulation, the respondent further accepted petitioner's explanation of the deposits except for unidentified deposits of $20,736.24 and $2,028.82 of bond interest. Held, petitioner has failed to show that the respondent erred in including in taxable income the bond interest of $2,028.82 but has shown that $6,115.70 of the $20,736.24 was not taxable income. Held, further, petitioner has failed to show that he is not liable for "5 percent of the underpayment" as provided under section 6653(a), I.R.C. 1954. David M. Freedman, for the petitioner. Stephen M. Miller, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion
*185 ARUNDELL, Judge: Respondent determined deficiencies in income tax and additions to tax for the taxable years 1955, 1956, and 1957 in amounts as follows: Additions to
Tax Under
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
1955
$18,900.90
$ 945.05
1956
21,949.62
1,097.48
1957
19,145.36
957.27
After certain concessions made by the respondent in a stipulation of facts, the issues remaining for our decision are: (1) Whether deposits to petitioner's checking account in the total amounts of $14,556.50, $3,475.97, and $2,703.77 for the taxable years 1955, 1956, and 1957, respectively, represent additional income to petitioner. (2) Whether bond interest deposited to petitioner's checking account in the total amounts of $90, $836.25, and $1,102.57 for the taxable years 1955, 1956, and 1957, respectively, represent additional income to petitioner. (3) Whether petitioner is liable for the addition to tax under section 6653(a) of the Internal Revenue Code of 1954 for the taxable years 1955, 1956, and 1957. Findings of Fact The stipulated facts are so found. Petitioner is a certified public accountant in the State *186 of New York with offices located in New York, N. Y. He filed his Federal income tax returns for the taxable years 1955, 1956, and 1957 with the district director of internal revenue for the Upper Manhattan district. Prior to becoming a certified public accountant in 1928, petitioner earned a Bachelor of Science degree from Johns Hopkins University and a Bachelor of Laws degree from the University of Maryland. During the years in question and continuing through the present, petitioner has engaged in the general practice of accounting, his duties including the preparation of income tax returns, keeping clients' books and records, handling tax matters for his clients with the Government, and preparing financial reports. Petitioner represents both corporate and individual clients located generally in the New York City area but, during the years in question, represented clients throughout the country, including such diverse locations as Massachusetts, California, and Virginia. Among petitioner's clients during the years in question were the Communist Party of the United States and its affiliate organizations. As part of his accounting practice, petitioner advises clients on the manner *187 in which books and records should be kept and dispenses general tax advice. On his Federal income tax returns for the taxable years 1955, 1956, and 1957 petitioner reported adjusted gross income and taxable income as follows: 1955
1956
1957
Total receipts from profession
$16,074.88
$12,557.73
$14,684.71
Total business deductions
14,482.52
9,296.37
11,412.08
Net profit from business
1,592.36
3,261.36
3,272.63
Salary, Hi-Test Chemical Corp.
3,997.00
2,640.00
3,080.00
Other income
425.00
65.00
None
Adjusted gross income
$ 6,014.36
$ 5,966.36
$ 6,352.63
Taxable income reported
$ 2,274.82
$ 2,201.93
$ 2,989.88
In determining the deficiencies the respondent made the following adjustments to taxable income: 1955
1956
1957
Taxable income reported
$ 2,274.82
$ 2,201.93
$ 2,989.88
Additions: (a) Bank deposits
33,884.17
39,568.83
34,328.32
(b) Coupon interest
1,452.50
836.25
1,102.57
(c) Accounting fees
128.47
(d) Business expenses
625.00
375.00
550.00
(e) Exemption
600.00
(f) Itemized deductions
1,339.54
1,364.43
1,562.75
$40,304.50
$44,346.44
$40,533.52
Additional deductions: (g) Standard deduction
$ 500.00
$ 500.00
$ 500.00
(h) Dividend income
375.00
Taxable income adjusted
$39,429.50
$43,846.44
$40,033.52
*188 Some time prior to January 1, 1955, petitioner opened a regular checking account in the branch office of the Manufacturers Trust Company (now known as Manufacturers Hanover Trust Company) of New York, N. Y. During the years 1955, 1956, and 1957 petitioner made total deposits to this account of $91,450.04, $55,435.04, and $99,454.30, respectively, or a grand total for the three years of $246,339.38. Prior to the determination of the deficiencies the respondent was able to identify the source of the above deposits to an extent, as follows: 1955
1956
1957
Accounting fees
$15,829.60
$12,010.16
$15,588.36
Salary and dividends
4,032.46
2,702.35
3,262.70
U.S. bonds
28,000.00
0
33,953.16
Coupon interest
1,452.50
836.25
1,102.57
Nontaxable items
8,251.31
317.45
11,219.19
Identified deposits
$57,565.87
$15,866.21
$65,125.98
Total deposits
91,450.04
55,435.04
99,454.30
Unidentified deposits
$33,884.17
$39,568.83
$34,328.32
Of the above unidentified or unexplained deposits which the respondent added to petitioner's taxable income in the deficiency notice, the parties have now stipulated that "the total amounts of $19,327.67, $36,092.86, *189 and $31,624.55, for the years 1955, 1956 and 1957, respectively, * * * have been adequately accounted for as representing moneys reported as income on petitioner's returns, or as non-taxable income, or as not representing income items, and do not constitute additional income of the petitioner." This would leave as still unexplained deposits in the amounts of $14,556.50, $3,475.97, and $2,703.77 for the years 1955, 1956, and 1957, determined as follows: 1955
1956
1957
Included in deficiency notice
$33,884.17
$39,568.83
$34,328.32
Explained by stipulation
19,327.67
36,092.86
31,624.55
Still unexplained
$14,556.50
$ 3,475.97
$ 2,703.77
The parties have also stipulated that the amounts of $14,556.50, $3,475.97, and $2,703.77 "have not been reported as income and are in dispute and respondent maintains that such deposits constitute additional taxable income of petitioner." The parties have also stipulated that $1,362.50 of the coupon interest of $1,452.50 included by respondent as additional income for 1955 "does not represent income to petitioner" but that the balance of $90 for 1955, $836.25 for 1956, and $1,102.57 for 1957 "have not been reported *190 as income and are in dispute and respondent maintains that such deposits constitute additional taxable income of petitioner." Ultimate Findings of Fact The deposits to petitioner's checking account only in the total amounts of $10,576.50, $1,359.97, and $2,684.07 during the years 1955, 1956, and 1957, respectively, represent additional taxable income to petitioner. Bond interest credited to or deposited in petitioner's checking account in the total amounts of $90, $836.25, and $1,102.57 for the years 1955, 1956, and 1957, respectively, represent additional taxable income to petitioner. Respondent did not err in asserting the addition to the tax under section 6653(a) of the 1954 Code. Opinion The questions involved in this case are purely fact questions. The issue remaining for us to decide is whether the respondent erred in adding to petitioner's taxable income the following amounts: Item
1955
1956
1957
Total
Unexplained deposits
$14,556.50
$3,475.97
$2,703.77
$20,736.24
Coupon interest
90.00
836.25
1,102.57
2,028.82
Total
$14,646.50
$4,312.22
$3,806.34
$22,765.06
The parties have stipulated that the above amounts, totaling *191 $22,765.06, "have not been reported as income and are in dispute and respondent maintains that such deposits constitute additional taxable income of petitioner." During the three years here in question petitioner made total deposits to his checking account of $246,339.38. As shown in our findings, all of those deposits have been satisfactorily explained to the respondent except the above deposits totaling $20,736.24 and $2,028.82 of coupon interest. The stipulation of facts includes a photostatic copy of each deposit slip making up the grand total for the three years of $246,339.38. The parties have stipulated that the remaining unexplained deposits totaling $20,736.24 were deposited on the following dates in the following amounts: 1955
Amount
Jan. 27
$ 250.00
Mar. 23
186.50
May 12
25.00
Aug. 25
25.00
Sept. 8
25.00
Sept. 23
25.00
Oct. 7
40.00
Dec. 22
280.00
Dec. 22
3,700.00
Dec. 29
10,000.00
$14,556.50
1956
Feb. 15
$ 25.00
May 31
75.00
June 1
142.75
June 5
1,086.08
June 5
515.47
June 7
514.45
June 26
10.00
June 26
1,000.00
July 17
47.22
Aug. 16
50.00
Aug. 23
10.00
$3,475.97
1957
Mar. 28
$ 4.50
Apr. 24
20.00
May 23
41.15
June 18
19.70
July 11
1,800.00
Sept. 30
100.00
Sept. 30
7.00
Oct. 15
20.00
Oct. 16
256.13
Oct. 16
47.79
Dec. 30
387.50
$2,703.77
*192 At the hearing, petitioner testified that the four items of $25 each in 1955, three items in 1956 of $25 on February 15, $75 on May 31, and $10 on August 23, and two items in 1957 of $20 on April 24, and $387.50 on December 30, all represented accounting fees which petitioner contends he reported as income, notwithstanding that the parties stipulated the amounts were not reported as income. Regarding the stipulation, counsel for both parties, however, said: MR. FREEDMAN: * * * I had spoken to Mr. Miller and he understands that while we have said that, actually there are a number of items, several items here which we claim were reported as income. There were fees received and were reported as income. We would like to testify to that effect and even though the stipulation says that they were not reported as income. MR. MILLER: That is agreeable with the respondent, your Honor. We do not think petitioner has shown that the above-mentioned accounting fees totaling $617.50 were reported as income. Petitioner has not shown that the fees were included in any of the income items reported by petitioner on his returns or that they were a part of the $128.47 added to income by the respondent *193 for 1955 in the deficiency notice. Petitioner next testified regarding three items in 1957. He said that the $4.50 deposited on March 28 was a refund of disability insurance; that the $41.15 deposited on May 23 was a refund of workmen's compensation; that the $7 deposited on September 30 was a refund of expenses; and that all three items had been reported as income. The only items of income reported by petitioner in 1957 were total receipts from profession of $14,684.71 and a salary of $3,080. We do not think petitioner has proven that the three refunds were included in either of these items. Petitioner's contention regarding the interest which he deposited in his checking account for the three years in question was that it represented interest on bonds that did not belong to him. His testimony in this regard is much too vague to permit any finding in petitioner's favor as to these items. Petitioner said he kept no permanent records except "I always had a record with Mr. Wofsey of what I had of his." It is not clear from petitioner's testimony who Wofsey was and the records petitioner says he had with him were not introduced. As to the item of interest in the amount of $836.25 *194 deposited in 1956, petitioner said "I don't remember the details." Petitioner has established no error as to these items of interest. The substance of petitioner's testimony regarding the two deposits on December 22, 1955, totaling $3,980 is that at some undisclosed time petitioner, at Wofsey's direction, had loaned one Esther Jackson money to put up as bail for her husband who was under indictment and that this was a repayment of the loan. The repayment of a loan would not constitute taxable income. We hold, therefore, that the respondent erred in including the $3,980 in petitioner's taxable income for 1955. Petitioner's testimony regarding the $10,000 deposit on December 29, 1955, is vague and unconvincing notwithstanding this item is the largest of the items still in dispute. As to this deposit petitioner on direct examination testified that the deposit was made in currency; that as he recalled the money was brought up by Wofsey on behalf of "the committee;" that he forgot to enter the deposit in his checkbook; and that on January 16, 1956, he withdrew the $10,000 in cash and turned it over to Wofsey. On cross-examination the following occurred: Q. I would like to go back *195 just for a moment. The $10,000 back in 1955, this was from some committee you said? A. Well, I say committee, Mr. Wofsey, however you want to call it. Q. The money went into your account? A. Yes. Q. What did it go in there for? A. For whatever purposes Mr. Wofsey would tell me. Mr. Wofsey was only interested in bail. Q. What did you do with the money? A. I can't say what I did with this specific money. You can ask me what the bank did with it, and I don't know. I know two weeks later I drew out $10,000. Q. How did you draw it? A. By check. Q. Payable to whom? A. Cash. Q. Who endorsed it? A. To me. Q. You got $10,000 in cash? A. Yes. We do not think such testimony is sufficient to overcome the correctness of the respondent's determination. Petitioner is a graduate of two universities, a lawyer and a certified public accountant and yet he kept no records of his dealings with "Wofsey" or the "committee." In fact we are left in the dark as to whom Wofsey was or the nature of the so-called committee. Neither Wofsey not anyone else, except petitioner, testified. On the deposit slip there is a column for use of the bank only and in this column are written *196 six amounts which add up to $10,000. The significance of this, if any, was not explained. About all we know is that $10,000 in cash was deposited in petitioner's personal checking account and was not reported by petitioner as income. For lack of adequate proof we sustain the respondent's determination as to this item. Petitioner testified that the three items of $1,086.08, $515.47 and $514.45, or a total of $2,116, which he deposited in his personal checking account in June 1956, represented the difference between three amounts totaling $33,500 that had been given to petitioner for the purchase of bonds and what the bonds actually cost. These transactions were in connection with putting up bail for one Sidney Steinberg and others in California and New York. The difference between the $33,500 turned over to petitioner to buy bonds and the cost of the bonds, while first deposited in petitioner's account, was later turned over to Wofsey and did not remain in petitioner's possession. We hold that petitioner has proven that these three items totaling $2,116 were not taxable income to him. Petitioner's testimony regarding the two deposits made on June 26, 1956, totaling $1,010, is merely *197 that they were "funds of the committee." No identification of the so-called "committee" has been shown. Without more, we sustain the respondent's determination as to these items. Petitioner also offered some vague testimony regarding the $1,800 deposit on July 11, 1957, to the $20 deposit on October 15, 1957, and the two deposits on October 16, 1957. Suffice it to say that the testimony does not prove error on the part of the respondent. As to the $1,800, petitioner, on cross-examination refused to divulge any information as to the item notwithstanding the Court's statement that such refusal would go to the sufficiency of the proof. On June 18, 1957, petitioner by mistake deposited to his personal checking account a check made out by J. Pinter to High Test Chemical Corporation in the amount of $19.70. The corporation was one of petitioner's clients. Petitioner had had business dealings with one Abe Pinter from whom he had received small checks from time to time. When the mistake was discovered, petitioner, on July 19, 1957, issued his personal check to High Test Chemical Corporation for the amount of $19.70. The amount of $19.70 was not taxable income to petitioner. No testimony *198 was offered as to three items in 1955 of $250, $186.50 and $40, as to three items in 1956 of $142.75, $47.22, and $50, and as to the deposit of $100 on September 30, 1957. With the exception of $3,980 in 1955, $2,116 in 1956, and $19.70 in 1957 (or a total of $6,115.70), we hold that the respondent did not err in adding to petitioner's taxable income for the three years in question unexplained deposits and coupon interest in the total amount of $22,765.06. Respondent determined additions to tax under the provisions of section 6653(a) of the Internal Revenue Code of 1954. Petitioner has offered no proof with respect to this issue. The application of the section is sustained but the amount of the addition will be redetermined due to the stipulation and to our holding as to the items above totaling $6,115.70. Decision will be entered under Rule 50.